[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S PENDENTE LITE MOTION TO MODIFY DATED 4, 2002 (No. 119.50), PENDENTE LITE MOTION FOR ORDER RE: MORTGAGE (No. 122), PLAINTIFF'S MOTION FOR ALIMONY PENDENTE LITE (No. 123) AND PLAINTIFF'S MOTION FOR CHILD SUPPORT PENDENTE LITE (No. 124)
CT Page 9257
The pertinent facts for these motions have been set forth in the court's Memorandum of Decision on Plaintiff's Notion for Contempt dated July 16, 2002. On April 4, 2002, the parties entered into a written agreement dealing with expenses to be paid by the defendant and a sum to be paid to the plaintiff by way of additional support. The court entered orders pursuant to that agreement, on custody and visitation, and an order that the plaintiff have support and assistance in caring for the children, such support and assistance to be paid by the defendant. Based upon the parties' affidavits, this expense amounts to $470 per week.
The agreement of April 4, set forth specific items that the defendant was to pay. What has caused disagreement between the parties is that language which served as a "catch-all" — "any other household expenses which he [the defendant] has been paying to date." Those expenses which the plaintiff claims come within the "catch-all" are listed on defendant's exhibit 2. The court finds that all of those expenses except for the plaintiff's Verizon cellular phone bill and the expenses for auto renter's insurance, which the plaintiff undertook without conferring with the defendant, are within the ambit of the "catch-all". However, so that there shall be no further difficulty in what should or should not fall within the ambit of the "catch-all", this language of the order is vacated. The defendant shall, however, pay for lawn care and repairs at the marital residence, security alarm expenses and the expenses of extracurricular activities of the children but only as the parties agree. The original order included plaintiff's and children's copay and Neokate formula. This part of the order is continued. Marcus Dany, however, may be discontinued. The limitation for telephone costs to $40.00 per month is so ordered. The plaintiff shall pay for any housecleaning. The plaintiff shall be entitled to reimbursement for those items set forth in defendant's exhibit 2 except for those items noted above (Verizon and USAA).
The defendant shall continue to pay additional support of $220 per week as ordered by Judge Hiller on April 4, 2002.
The defendant shall pay an additional $470 per week for child care assistance as ordered by Judge Hiller on April 5, 2002. The defendant will not be responsible for payment of this amount for the week of August 26, 2002, through September 2, 2002, when he will have vacation time with the minor children. It may be that this expense might be reduced by agreement of each of the parties. Both parties recognize that the financial situation is steadily worsening and efforts must be made by both parties to help solve this situation. CT Page 9258
All payments referred to above shall be made directly to the payees by the defendant except for telephone. The defendant shall pay the plaintiff an additional $40.00 each month so that she may apply that to the telephone bill. The plaintiff shall cooperate in arranging for all other bills to be mailed directly to the defendant. The plaintiff shall not obligate the defendant for any additional expenses of any sort.
As to the automobile insurance, the defendant shall pay all automobile insurance bills.
The plaintiff shall deliver the 1999 Saab 9-3 to the defendant at such time as he delivers to her a leased automobile suitable to transport the plaintiff and the parties' children. Such lease expense shall be paid by the defendant.
The defendant may refinance the existing balance of the first mortgage on the marital residence to obtain a lower interest rate and longer period. The principal of the mortgage shall not, however, be increased by any amount.
The defendant may refinance the existing home equity line to obtain a lower interest rate. The current principal balance is $47,000. That principal balance shall not be increased by any amount.
The plaintiff shall sign the HealthNet authorization as attached hereto within one week of the date hereof. The defendant shall be entitled to the proceeds of any reimbursement from HealthNet.
The plaintiff shall be financially responsible for any and all damage to the personal possessions of the defendant which remain at the marital residence, and shall take whatever steps necessary to protect the defendant's personal property.
The plaintiff's motions for alimony and support pendente lite are denied without prejudice.
The court chooses to set no date for termination of the foregoing orders. In any event, there may be events that will call for modification of these orders.
EDGAR W. BASSICK JUDGE TRIAL REFEREE
[EDITORS' NOTE: HEALTH NET FORM IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 9259